## THE EMERALD AND PHŒNIX BREWING COMPANY v. LAWRENCE SUTTON.

### Decided August 18, 1902.

The refusal of a debtor to apply the proceeds of sale of his property to the satisfaction of a particular debt is not enough, standing alone, to justify the conclusion that such sale was made for the purpose of defrauding his creditors.

On motion to set aside an order to hold to bail.

For the motion, *Hudspeth & Puster*.

*Contra, Herbert Clark Gilson*.

GUMMERE, CHIEF JUSTICE.    In order to justify an order to hold a debtor to bail, in an action upon contract, upon the ground that he is about to dispose of his property with intent to defraud his creditors, there must be proof, not only of the intended disposal of his property, but also of his intent to defraud.    Assuming that the affidavit, in the present case, contains proof that the defendant is about to dispose of his property, I find in it no proof that he is about to do so with intent to defraud his creditors.    The affiant swears that he is informed and believes this to be so, but this statement is without evidential force.    It is the statement of a conclusion, not of a fact; and the facts upon which this conclusion rests are not set forth in the affidavit.    Moreover, it is the conclusion, not of the affiant, but of a third person, communicated to him, and is further objectionable because it is hearsay. The affiant also swears that the defendant, after admitting to him that he was going to sell his property, stated that he could not, and would not, pay the plaintiff's claim.    But the refusal of a debtor to apply his property, or the proceeds of the sale thereof, to the satisfaction of a particular debt, is

not enough, standing alone, to justify the conclusion that the sale of his property is to be made for the purpose of defrauding his creditors. As was said by Chief Justice Hornblower, in *Ex parte. Clark, Spenc.* 648, 651: "I may have a large sum of money, in my pocket, or in the bank; or choses in action, or other property, in my possession, or in the hands of my friend or trustee, and I may refuse to appropriate them to the payment of an honest debt; and yet I may not do so *unlawfully or unjustly.* I may be under higher conscientious obligations, I may desire and design a general and *pro rata* distribution among all my creditors; or I may feel myself under a moral and conscientious obligation, by promise or otherwise, to apply those funds towards the satisfaction of a particular debt." Proof that the defendant has property or moneys which he refuses to apply to the plaintiff's debt, will not, of itself, support an adjudication that such refusal was fraudulent, or that the debtor intends, by disposing of his property, to defraud his creditors. *Ex parte Clark, supra.*

The order to hold to bail must be set aside, and the defendant discharged on common bail.